UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Barron,  :
    Plaintiff,  :
                :
  v.  : File No. 1:08-CV-214
                :
Steve Dale, Lyn Johnson,  :
    Defendants.  :

ORDER
(Papers 5 and 6)

Plaintiff David Barron, proceeding *pro se* and *in forma pauperis,* brings this action claiming that the defendants have wrongfully labeled him a pedophile, and that this label is impeding his ability to visit with his children. He is currently incarcerated in Springfield, Vermont. Currently pending before the Court are Barron's motion to compel discovery (Paper 5) and motion to appoint counsel (Paper 6).

Barron filed this action on October 7, 2008. The Court granted his motion for leave to proceed *in forma pauperis* on October 22, 2008, and ordered that service of process be effected by the U.S. Marshals Service. Waivers were sent on January 7, 2009, and answers are due on March 9, 2009.

Because no answers have been filed, the discovery period has not yet commenced. See Local Rule 26.1(b)(1). Barron's motion to compel discovery is, therefore, premature. Moreover, his motion asks the Court to compel documents that were reportedly requested in August 2008. Under Fed. R. Civ.

P. 37(a), however, the Court may only compel materials that were requested as part of the formal discovery process. Because Barron's request for documents pre-dated the filing of his complaint, Rule 37 does not apply, and the motion to compel is misplaced. Barron's motion for an order compelling discovery (Paper 5) is, therefore, DENIED.

Barron also seeks court-appointed counsel. Litigants in civil cases have no constitutional right to counsel. See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but cannot compel an attorney to accept a civil case *pro bono*. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989). A district court considering whether to request an attorney for a *pro se* civil litigant must first determine whether the litigant's position seems "likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); see also Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204-05 (2d Cir. 2003); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Only if a litigant's claims meet this "threshold requirement," should a court consider other factors, such as the petitioner's "ability to handle the case without assistance in light of

the required factual investigation, [and] the complexity of the legal issues. . . ."  Cooper, 877 F.2d at 172.

This case is still in the earliest stages.  Indeed, the defendants are still within the deadline for filing their answers.  Because the defendants have not filed responses to the complaint, the Court cannot fully assess the merits of the case, the likelihood of conflicting evidence, the need for cross-examination, and/or the complexity of the legal issues cannot be determined.  See Hodge, 802 F.2d at 61-62 (listing factors to be determined when considering appointment of counsel).  Upon first review of Barron's papers, however, the complaint appears to consist of a single claim and relatively few parties.  Moreover, Barron has set forth his complaint and subsequent motions in a clear and concise fashion, thus reflecting his ability to, at least initially, present his case without the benefit of counsel.  Finally, the Court does not see any "special reason . . . why appointment of counsel [will] be more likely to lead to a just determination."  Id. at 62.  The motion for appointment of counsel (Paper 6) is, therefore, DENIED without prejudice.  If, as the case proceeds, Barron finds that he can meet the standard for appointment of counsel, he may file another motion for the Court's consideration.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of February, 2009.

```
                    /s/ J. Garvan Murtha
                    Honorable J. Garvan Murtha
                    United States District Judge
```