```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

David Barron,                        :
        Plaintiff,                   :
                                     :
    v.                               :    File No. 1:08-CV-214
                                     :
Steve Dale, Lisa Johnson,            :
        Defendants.                  :

<u>OPINION AND ORDER</u>
(Papers 13 and 20)

Plaintiff David Barron, proceeding *pro se*, brings this action claiming that the defendants, each of whom are employed by the Vermont Department of Children and Families ("DCF"), caused him harm by wrongfully labeling him a pedophile and a homosexual.  Pending before the Court is the defendants' motion to dismiss and Barron's motion for default judgment.  For the reasons set forth below, the motion to dismiss is GRANTED, Barron's motion for default judgment is DENIED, and this case is DISMISSED.

<u>Factual Background</u>

For the limited purpose of ruling on the pending motion to dismiss, the facts alleged in the complaint will be accepted as true.  Barron alleges that the DCF has labeled him a pedophile and a homosexual.  As a result, his relationships with two women have ended and he has been denied contact with children, including his own.  He claims that the defendants' actions violated his constitutional rights under the Sixth, Eighth and Fourteenth Amendments, and

that calling him a pedophile and a homosexual constitutes defamation.

The complaint and attached exhibits concede that Barron has been convicted of criminal offenses with respect to underage girls. Barron contends that these offenses have no bearing upon whether he is a threat to young boys, or to members of his family. Nonetheless, a state court protective order is in place. Although the terms of the order are not a part of the Court record, the complaint suggests that it prevents Barron from having contact with young children.

On May 27, 2008, Barron wrote to DCF Commissioner Steve Dale to complain about his situation. The letter was styled as a "formal complaint against the Burlington DCF," with defendant Lisa Johnson's name handwritten above "Burlington DCF." (Paper 3-4). The letter claims that

> [a]n investigator came out to Sarah Mongeon's residence because I am a convicted sex offender (slander & deprivation [sic] of character; I am not a homosexual). My cases all have to do with unrelated teenaged females in their teens (burden of proof). There is no history of males in my plasismagraphs [sic], psychosexual evaluations, or my history in general. The investigator found that I was not a threat to the Mongeon boys.

Id. (parentheses in original). Barron goes on to allege that "[t]he worker assigned to the case brought it to court to stop me living with my fiancé[e] and her boys." Id. He also claims that the case worker threatened to take away Mongeon's

2

children if Mongeon indicated that she wanted Barron to remain in the boys' lives. Id. The defendants have confirmed that Lisa Johnson was Mongeon's case worker. (Paper 13 at 5).

On May 29, 2008, Barron wrote a similar letter to the Vermont Judicial Conduct Board, asking for "the protective order to be removed." (Paper 3-3 at 1). Again, Barron alleged that because of threats from a DCF case worker, Mongeon told the state court that she did not want Barron to be a part of her boys' lives. He further claimed that "[n]ow that Lisa Johnson has found out that Sarah and I are together as a couple, and that I am getting out soon. She has threatened Sarah again that she is to break off our relationship or the boys will be taken from her." Id.

On June 6, 2008, the DCF replied to Barron's letter to Commissioner Dale. In its reply, the DCF assured Barron that "your complaint has been taken seriously and there will be an appropriate response with the investigator in question." (Paper 3-5 at 1). There is no indication of any further action on the matter.

Barron filed the instant action in October 2008. His claims, as stated above, are that the defendants have defamed him, and that their actions have deprived him of his constitutional rights. For relief, he asks for monetary

3

damages and an order requiring (1) that the DCF "come to me when it has to do with my charges," (2) a written apology from the DCF, and (3) Johnson's termination.

## Discussion

I. Defendants' Motion to Dismiss

Defendants Dale and Johnson now move to dismiss the complaint. The defendants first argue that the Eleventh Amendment bars an action against them in their official capacities. They further contend that the complaint fails to allege sufficient personal involvement in any unconstitutional conduct. The Court will address each argument in turn.

    A. Eleventh Amendment

The Eleventh Amendment prohibits suits for damages against state officials sued in their official capacities in federal court. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). This is because "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Pennhurst State Sch. & Hosp. v.

Halderman, 465 U.S. 89, 99 (1984).  Additionally, Congress may abrogate a state's Eleventh Amendment immunity "pursuant to a valid grant of constitutional authority."  Tennessee v. Lane, 541 U.S. 509, 517 (2004).

Relevant to this case, there is no indication that Congress has abrogated Vermont's sovereign immunity from suit in federal court.  Courts have long held that 42 U.S.C. § 1983, under which the constitutional claims in this case are brought, does not override Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 341 (1979).  Furthermore, Vermont has clearly preserved its sovereign immunity under the Eleventh Amendment.  See, e.g., 12 V.S.A. § 5601(g). Therefore, any constitutional claims for damages brought against defendants Dale and Johnson in their official capacities should be DISMISSED.

Although the defendants appear to argue for a blanket application of the Eleventh Amendment to all official capacity claims, sovereign immunity does not extend to Barron's claims for prospective injunctive relief.  See Ex parte Young, 209 U.S. 123 (1908); Edelman, 415 U.S. at 677; Henrietta D. v. Bloomberg, 331 F.3d 261, 287-88 (2d Cir. 2003).  However, for reasons set forth below, the Court finds that Barron has failed to state a constitutional claim

5

against either Dale or Johnson.  Accordingly, any remaining official capacity claims will not stand.

    B.  <u>Unconstitutional Conduct</u>

The defendants next argue that Barron's claims against them in their individual capacities should be dismissed for lack of personal involvement in any unconstitutional conduct. With respect to Commissioner Dale, the motion notes that there is no direct reference to him in the complaint.  As to Johnson, the defendants submit that her alleged actions did not amount to constitutional violations.

The defendants are correct that Commissioner Dale is not directly referenced in the complaint.  One of Barron's attachments, however, is a letter addressed to the Commissioner.  (Paper 3-4); <u>see</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (on motion to dismiss, court may consider exhibits attached to complaint).  A second attachment is the DCF's reply to Barron's letter, in which an official from the Child Safety Unit explained that Dale had asked her to provide a response.  (Paper 3-5).  Accordingly, the first question before the Court is whether Dale's limited involvement in the case was sufficient for individual capacity liability.

The general rule is that in order for a plaintiff to sustain a section 1983 claim against an official in his

6

individual capacity, the plaintiff must allege and demonstrate that the official was personally involved in the alleged constitutional violation. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citing Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003)). A complaint that fails to allege personal involvement is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987).

In this Circuit, when a plaintiff alleges that a supervisory official such as Commissioner Dale receives a complaint letter, the act of forwarding that letter to the appropriate party is insufficient to satisfy the personal involvement requirement. See, e.g., Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997). Indeed, even if the official ignores the letter, that act will not subject him to liability for the conduct complained of therein. See Westbrook v. City Univ. of New York, 591 F. Supp. 2d 207, 225 (E.D.N.Y. 2008); Ortiz-Rodriguez v. New York State Dep't of Corr. Servs., 491 F. Supp. 2d 342, 347 (W.D.N.Y. 2007).

Aside from the letter addressed to Commissioner Dale, Barron offers no evidence of Dale's involvement. The reply from DCF makes clear that Dale merely forwarded Barron's letter to the Child Safety Unit. Furthermore, Barron makes no allegation that Dale's supervision of Johnson was grossly

7

negligent; that Dale created or sanctioned a policy that allowed for unconstitutional conduct; or that Dale failed to act on or remedy such conduct. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (setting forth potential grounds for supervisor liability). The claims brought against Dale in his individual capacity are, therefore, DISMISSED.

The defendants' argument with respect to defendant Johnson focuses less upon her level of involvement, and more upon the question of whether her alleged conduct was unconstitutional. Accepting the facts alleged in the complaint as true, a protective order prevented Barron from being with Sarah Mongeon's children. When Johnson discovered that Mongeon had maintained her relationship with Barron, Johnson warned Mongeon that she was to "break off" the relationship or "the boys will be taken from her." (Paper 3-3).

Barron claims that Johnson's conduct violated his rights under the Sixth, Eighth and Fourteenth Amendments. The Sixth Amendment pertains to criminal prosecutions, and provides the right to a speedy and public trial by an impartial jury. U.S. Const. amend. VI. It also provides the accused with the right to be informed of the nature of the accusation, to confront witnesses, and to be represented by counsel. Id. None of these rights applies here. This case

involves a DCF case worker, a civil protection order, and questions of child custody. There is no suggestion that Johnson played any role in criminal proceedings related to Barron such that she would have had the opportunity to interfere with his Sixth Amendment rights. Accordingly, Barron's Sixth Amendment claims are DISMISSED.

Barron also cites the Fourteenth Amendment, without reference to any particular rights having been violated. The Fourteenth Amendment guarantees that no state shall "deprive any person of life, liberty, or property, without the due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Barron does not claim that Johnson has denied him due process of law. Indeed, it is difficult to imagine how a DCF case worker could deny a citizen his procedural due process rights. With respect to substantive rights, Barron cannot demonstrate a protected interest in having contact with the children of third parties, as even contact with his own children would be subject to limitations. See, e.g., Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987); Marisol A. v. Giuliani, 929 F. Supp. 662, 676-77 (S.D.N.Y. 1996). Although Barron makes reference to having lost contact with his own children, he does not allege that Johnson was responsible for this development. (Paper 3-2 at 2).

Finally, Barron makes no allusion to an equal protection violation, and presents no Fourteenth Amendment argument whatsoever in his response to the motion to dismiss. His Fourteenth Amendment claim is, therefore, DISMISSED.

Barron's filings in opposition to the motion to dismiss make an effort to support his Eighth Amendment claim. Specifically, he argues that profiling him as a sex offender and "forcing this plaintiff out of two separate meaningful relationships" constituted cruel and unusual punishment. (Paper 17 at 2). Barron also cites the mental and physical harm he has allegedly suffered as a result of conduct by DCF personnel.

The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" that is incompatible with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102, 104 (1976). Such a claim is a curious fit in this case, as Barron was not incarcerated and, therefore, not being "punished" in the Eighth Amendment sense. See Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally

associated with criminal prosecutions"); United States v. Lovett, 328 U.S. 303, 317-18 (1946).

Even assuming the Eighth Amendment's applicability, Johnson's alleged conduct did not rise to the level of cruel and unusual punishment. At most, Johnson informed Mongeon and possibly others that continued contact with Barron would result in the DCF placing their children elsewhere. These alleged statements, which appear to have been consistent with a standing protection order, cannot be deemed either "wantonly" harmful or incompatible with society's "evolving standards of decency." Estelle, 429 U.S. at 102, 104. Barron's Eighth Amendment claims are, therefore, DISMISSED.

C. Leave To Amend

Ordinarily, the Court will not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, even under this liberal standard, the Court finds that any attempt to amend the complaint in this case would be futile.

Barron claims that certain actions by DCF personnel have caused him harm. Some of that harm arises out of the fact that the state courts have instituted a protective order. If Barron wants relief from that order, and has

11

standing to challenge it, he should proceed in state court.
Other alleged harm is to Barron's reputation, for which he
brings common law claims of slander and defamation. These
claims, too, may be pursued in state court.

Barron's federal claims are misplaced. He is alleging
constitutional violations where there are none, and re-
pleading will not cure this deficiency. See Cuoco, 222 F.3d
at 112 ("The problem with [plaintiff's] cause[ ] of action is
substantive; better pleading will not cure it. Repleading
would thus be futile. Such a futile request to replead should
be denied."); see also Hayden v. County of Nassau, 180 F.3d
42, 55 (2d Cir. 1999). Consequently, no leave to amend will
be granted.

### D. State Law Claims

Having concluded that Barron's federal law claims must
be dismissed, the Court declines to retain supplemental
jurisdiction over his pendant state law claims. 28 U.S.C. §
1367; Matican v. City of New York, 524 F.3d 151, 155 (2d Cir.
2008). Any such state law claims are DISMISSED without
prejudice.

## II. Barron's Motion for Default Judgment

Barron's most recent filing seeks a default judgment.
He claims that the defendants have not responded to "the last
motion filed by the Plaintiff." (Paper 20 at 1). Other than

the motion for default judgment, the Court's docket does not reflect any pending motions from the plaintiff. Moreover, even if the defendants had failed to respond to a motion in a timely manner, such a failure will rarely justify the imposition of a default judgment. See, e.g., D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109-110 (2d Cir. 2006) ("lack of a response does not justify a default judgment because, even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden.") (citations and quotations omitted). The motion for default judgment is, therefore, DENIED.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Paper 13) is GRANTED, and Barron's motion for default judgment (Paper 20) is DENIED. This case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of July, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge